RECEIVED
IN LAKE CHARLES, LA
MAR 27 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DANIAL L. LAFLEUR, | * | CIVIL ACTION NO. 2:14-CV-3248 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| STACEY NAQUIN, INDIVIDUALLY AND IN HER OFFICAL CAPACITY AS ASSISTANT DISTRICT ATTORNEY FOR THE 31ST JUDICIAL DISTRICT, PARISH OF JEFFERSON DAVIS | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM RULING

Before the court is the defendant's Motion to Dismiss [Doc. 16], to which the plaintiff has filed a Response [Doc. 18]. For the following reasons, the Motion to Dismiss [Doc. 16] is **GRANTED**.

### FACTS & PROCEDURAL HISTORY

On November 10, 2014, Danial Lafleur ("Lafleur") filed a complaint against Stacey Naquin ("Naquin").[1] The factual basis for Lafleur's claim is unclear. Lafleur is the defendant in a criminal proceeding in state court, and Naquin is the prosecutor in the case.[2] He alleges that his constitutional rights were violated because Naquin was absent from a hearing and prosecution was further delayed to allow Lafleur to undergo a mental health evaluation.[3] Lafleur also asserts that Naquin failed to disclose information at two pretrial conferences.[4]

---

[1] *See* Compl. [Doc. 1].
[2] *Id.* at 1.
[3] *Id.* at 6.
[4] *Id.* at 1. The court notes that the information allegedly withheld by Naquin was faxed from Lafleur to Naquin. *Id.* at 5.

1

Lafleur requests four forms of relief in his complaint: (1) that this court dismiss the pending state charges against him, (2) $15 million dollars for wrongful prosecution and $3 million dollars for mental anguish, (3) that Stacey Naquin be responsible for his court costs, and (4) any other relief the court sees fit.[5] On February 23, 2015, Naquin filed the instant Motion.[6]

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

In ruling on motions to dismiss under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Jackson v. NAACP*, No. 12-20399, 2013 U.S. App. LEXIS 20493, at *9 (5th Cir. Oct. 8, 2013) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (additional citation omitted)). "The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff." *Herbert v. Delta Airlines, Inc.*, No. 11-cv-1574, 2012 U.S. Dist. LEXIS 93848, at *6 (W.D. La. Jun. 5, 2012) (citing *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted)). However, conclusory allegations are not to be accepted as true, and courts "are not bound to accept as true a legal

---

[5] Compl. [Doc. 1], at 8.
[6] *See* Mot. to Dismiss [Doc. 16].

2

conclusion couched as a factual conclusion." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

I. **Dismissal of the State Court Criminal Charges Against Lafleur**

A federal district court is prohibited from enjoining a pending criminal trial in state court, absent "exceedingly rare and extraordinary circumstances." *Ballard v. Wilson*, 856 F.2d 1568, 1569-70 (5th Cir. 1988) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Lafleur has not demonstrated that *Younger* abstention does not apply to this case. Therefore, this court cannot and will not dismiss the pending state criminal charges against Lafleur.

II. **Claims Against Naquin for Monetary Damages and Court Costs**

Lafleur alleges that Naquin withheld information at two pretrial conferences that showed that Lafleur was not guilty and that his prosecution was impermissibly delayed. When a prosecutor is engaged in an activity associated with the judicial phase of the criminal process, absolute immunity applies with full force. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Lafleur has not shown why Naquin is not entitled to absolute immunity.

Lake Charles, Louisiana, this 26 day of March, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3